THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABE MAYERSON, Appellant.

County Court, Franklin County, December 15, 1941.

*Clifford W. McCormick*, for the appellant.

*Harry P. Kehoe, Assistant Attorney-General*, for the respondent.

CAREY, J. This is an appeal from a judgment of conviction of the Police Court of the Village of Saranac Lake, upon a verdict of guilty of a violation of section 54 of the Conservation Law, and of the proclamation of the Governor of the State of New York, dated the 30th day of April, 1941, and subsequently amended. Section 54 of the Conservation Law, so far as the same is applicable to the matter in question, reads as follows:

" Forest Fire Prevention. The following provisions shall apply in protecting forests from fire. 1. Proclamation by Governor. Whenever, by reason of drought, the forests of the State are in danger of fires the Governor shall have the authority to forbid by proclamation any person or persons entering forests, woodlands or

open lands in such parts of the State as he deems the public interest requires, and may by such proclamation suspend any open season for taking fish, birds and quadrupeds therein. Such proclamation shall be in full force and effect at the expiration of twenty-four hours after notice is given in the manner the Governor may determine and remain in force until rescinded by the Governor."

Pursuant to said section and on April thirtieth, the Governor of the State of New York issued a proclamation part of which reads as follows:

" I, HERBERT H. LEHMAN, Governor of the State of New York, regretting the necessity for curtailing the pleasures of those who enjoy the woods, but appreciating as I do the necessity of protecting the forests for the benefit of all the people of the State, do hereby determine and declare that the use of the woods for recreation or sport of any kind is contrary to the public interests, and do hereby forbid any person or persons entering forests, woodlands or open lands in any part of the State for any purpose except that of necessary business, and I further by this proclamatior suspend any open season for the taking of fish, birds or quadrupeds, except those applying to commercial fisheries, to angling in the salt waters of the marine district and to angling from boats on lakes or ponds accessible to public automobile roads, and I further proclaim the prohibition of this proclamation continue until revoked by executive order."

From a reading of the proclamation it is clear that it has a two-fold purpose, *first*, to prohibit the entry into forests, woodlanda and open lands, and, *second*, to suspend the open season for fishing, subject to certain exceptions.

The information in part reads as follows: " That one Abe Mayerson, on or about the 15th day of May, 1941 at Saranac Lake, in the Town of Harrietstown, County of Franklin, N. Y., did then and there unlawfully, wrongfully, knowingly and wilfully and contrary to the statute in such cases made and provided commit the crime of misdemeanor by then and there entering the open areas in the County of Franklin for a purpose other than necessary business in violation of Section 54 of the Conservation Law of the State of New York (To wit: fishing from the shores of Lake Flower) in violation of a certain Proclamation issued by the Governor of the State of New York    *    *    *."

From a reading of this information it appears that the defendant here was charged not with fishing out of season but rather with the entry upon open lands or areas for a purpose other than necessary business. It, therefore, becomes necessary to interpret the meaning of the words " open lands." No case has been called to

my attention, nor have I found any which has determined the meaning of that phrase, so that resort necessarily will have to be had to the meaning ordinarily applied to such words taken in consideration with the intent of the Legislature and of the Governor. That the purpose of the statute and of the Governor's proclamation is to protect the forests is plainly evident from the statute and the proclamation themselves. Each used the words, " forests, woodlands or open lands," and to obtain the meaning of the words " open lands " these must be read in connection with the other two. Can it be said that it was the intent to prohibit people from entering upon a municipal park in an incorporated village? Can it be said that it was the intent to prevent the entertaining of summer guests at resort hotels within the areas included? Can it be said it was the intent to prevent the entry of persons not on necessary business to private property either in a residential or business area in an incorporated village? If that is the intent then this defendant is guilty. This court, however, is of the opinion that the words " open lands," when read in connection and conjunction with the words " forests, woodlands," must be limited to that type of land which is, *first,* mainly rural in character, and, *second,* which is unoccupied in the sense of having no permanent habitation, and, *third,* to land of such character that entry thereon either through its proximity to forests or woodlands, or through the nature of its growth would be likely to endanger the forests or woodlands of the State. Under the interpretation claimed by the State, any person going to the place where the defendant was casting whether it be on property owned privately, or on the village park, would be violating the proclamation and the statute. This cannot be the intent of the Legislature, or of the Governor. Accordingly, it is this court's opinion that the land upon which the defendant was charged to have entered as open lands for a purpose other than necessary business is not open land within the meaning of the statute.

Judgment is accordingly reversed.